# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY J. WILLIAMS,

        Petitioner,                  Case Number: 2:08-CV-10772

v.                                       HON. LAWRENCE P. ZATKOFF

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND (2) ADMINISTRATIVELY CLOSING CASE

Petitioner Anthony J. Williams has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, challenges his conviction for first-degree murder. At the same time he filed his habeas corpus petition, Petitioner filed a Motion to Stay Proceedings. Petitioner asks the Court to hold his petition in abeyance so that he may return to state court to present unexhausted claims. The Court shall grant Petitioner's motion, stay the present petition provided that Petitioner promptly files a claim for collateral review in state court, and administratively close the matter.

## I.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree murder. On July 11, 2000, he was sentenced to life imprisonment. Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Williams*, No. 231903 (Mich. Ct. App. July 9, 2002).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Williams*, No. 122835 (Mich. Feb. 28, 2003). Petitioner then filed a motion for

reconsideration, which was also denied. *Id.* (May 30, 2003).

On November 6, 2003, Petitioner filed a motion for relief from judgment in the trial court. The motion was denied without prejudice on February 2, 2005. *People v. Williams*, No. 99-008744-03 (Wayne County Circuit Court Feb. 2, 2005). Petitioner, through appointed counsel, then filed another motion for relief from judgment in the trial court, which was also dismissed without prejudice. Petitioner indicates in his habeas petition that he will file another motion for relief from judgment in the trial court.

On February 20, 2008, Petitioner filed the pending habeas corpus petition, presenting eleven grounds for relief.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that, of the eleven claims presented in his habeas corpus petition, ten have not been exhausted in state court. He states he has filed this petition so as not to jeopardize the timeliness of a habeas petition should the state court deny his claims of constitutional violations. Petitioner asks the Court to stay the petition while he exhausts his state court remedies by filing a motion for relief from judgment in the trial court.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided

2

there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner states that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing to previously present these claims to the Michigan Court of Appeals. In addition, the Court finds that these claims are not "plainly meritless," and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court permits Petitioner to file this protective petition and stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.*; *Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

**III.**

Accordingly, it is **ORDERED** that Petitioner's "Motion to Stay Proceedings" [dkt. # 2] is **GRANTED**. If Petitioner fails to file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings. If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **sixty days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED.**

        s/Lawrence P. Zatkoff  
        LAWRENCE P. ZATKOFF  
        UNITED STATES DISTRICT JUDGE

Dated: March 6, 2008

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 6, 2008.

                                              s/Marie E. Verlinde  
                                              Case Manager  
                                              (810) 984-3290