UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILLIAMS,

        Petitioner,                          Case Number: 2:08-CV-10772

v.                                               HON. LAWRENCE P. ZATKOFF

CAROL HOWES,

        Respondent.
_____/

## **OPINION AND ORDER DENYING PETITIONER'S MOTIONS**

Petitioner Anthony Williams has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for first-degree felony murder. Now before the Court are Petitioner's "Rule (8) Motion for Evidentiary Hearing;" "Motion to Conduct Show Cause Hearing;" "Motion for Appointment of Independent Pathologists;" "Motion to Rule on the Merits of the Petition;" and "Motion for Appointment of Counsel."

Rule 8, Rules Governing Section 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

*See* Rule 8, Rules Governing Section 2254 Cases.

Respondent's Answer to Petitioner's application for writ of habeas corpus and the relevant state court record have not yet been filed. Therefore, the request for an evidentiary hearing at this point in the proceedings is premature and the motion will be denied without

prejudice.

In his "Motion to Conduct Show Cause Hearing," Petitioner asks the Court to conduct a hearing to address Respondent's failure to file a timely answer. The time for filing an answer to the petition has not yet expired. Therefore, the motion will be denied.

Petitioner next seeks the appointment of independent pathologists to review the autopsy report, examine the cause of death, assess whether an expert witness would have assisted the defense, and show counsel's ineffectiveness. The Court finds that review of the relevant state court record is necessary prior to determining whether an expert witness is necessary. As discussed above, the answer and Rule 5 materials have not yet been filed. The Court, therefore, will deny the motion without prejudice.

Next, Petitioner has filed a Motion to Rule on the Merits of the Petition. The Court will not rule on the merits of the petition until a timely answer and Rule 5 materials are filed. The Court will deny the motion.

Finally, Petitioner has filed a Motion for Appointment of Counsel. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel.

Accordingly, IT IS ORDERED that Petitioner's "Rule (8) Motion for Evidentiary Hearing," [dkt. # 9], "Motion for Appointment of Independent Pathologists" [dkt. # 11], and "Motion for Appointment of Counsel" [dkt. # 13] are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's "Motion to Conduct Show Cause Hearing" [dkt. # 10] and "Motion to Rule on the Merits of the Petition" [dkt. #12] are DENIED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 10, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290