UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILLIAMS,

        Petitioner,               Case Number: 2:08-CV-10772

v.                                         HON. LAWRENCE P. ZATKOFF

CAROL HOWES,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS

Petitioner Anthony Williams filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for first-degree felony murder. Now before the Court are Petitioner's "Amended Motion for Appointment of Independent Pathologists;" "Amended Motion for Appointment of Counsel;" "Motion for Leave to Conduct Discovery;" "Supplemental Motion for Leave to Conduct Discovery;" and "Amended Rule 8 Motion for Evidentiary Hearing."

First, Petitioner seeks the appointment of independent pathologists. He claims independent pathologists are necessary to challenge an autopsy report that was admitted without proper authentication. The medical examiner who conducted the autopsy of the deceased did not testify at trial. Instead, another medical examiner from the same office testified as to the contents of the report and the cause of death. Petitioner cannot now raise a claim that he was denied his constitutional rights by the failure to appoint an independent pathologist in state court because such a claim has not been presented in state court and would be unexhausted and likely procedurally defaulted. In addition, such a claim would not entitle Petitioner to habeas relief because there is no

clearly established law as determined by the Supreme Court which entitles a defendant to appointment of an independent expert other than a psychiatric expert under *Ake v. Oklahoma*, 470 U.S. 77 (1985). Thus, the Court finds that Petitioner is not entitled to appointment of an independent pathologist. *Accord Patrick v. Johnson*, 48 F. Supp. 2d 645 (N.D. Tex. 1999) (denying habeas petitioner's request for expert because claim had not been raised in state court or in federal habeas petition).

Second, Petitioner seeks appointment of counsel. Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice do not require appointment of counsel.

Third, Petitioner filed two motions requesting discovery. He requests discovery related to his arrest which, he claims, lacked probable cause. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 Cases provides that a habeas court may authorize a party to conduct discovery upon a showing of good cause. 28 U.S.C. foll. § 2254, Rule 6(a). Litigation of Fourth Amendment claims in habeas corpus is limited by *Stone v. Powell*, 428 U.S. 465 (1976). Federal habeas corpus relief is not available to state

prisoners who allege they were convicted in violation of their Fourth Amendment rights if they were given a full and fair opportunity to litigate that question in the state courts. *Id.* The information Petitioner seeks is not relevant to the pertinent question, that is, whether Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claims in state court. Therefore, Petitioner has not made the requisite showing of "good cause" that the evidence and information he seeks are necessary for the disposition of this case.

Lastly, Petitioner filed a motion for an evidentiary hearing regarding his claims that counsel was ineffective, his arrest was unlawful, and trial counsel erred in removing original trial counsel. The Supreme Court recently held that, when a petitioner seeks habeas relief on a claim that has been "adjudicated on the merits in state court proceedings," 28 U.S.C. § 2254(d)(1), federal court review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011). If a petitioner raises a claim not adjudicated on the merits by the state courts, the federal court has discretion to consider new evidence under 28 U.S.C. § 2254(e)(2). *Id.* at 1401. Section 2254(e)(2) bars a federal court from holding an evidentiary hearing unless the petitioner satisfies certain statutory requirements.

In this case, the Michigan Court of Appeals clearly adjudicated Petitioner's ineffective assistance of counsel and unlawful arrest claims on the merits, and, on collateral review, the trial court denied the claim regarding substitute counsel on the merits. Petitioner seeks relief under § 2254(d)(1), arguing that the state court's adjudication was an unreasonable application of clearly established Federal law. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.* at 1400. Thus, under *Pinholster*, the Court's review is confined to the record before the state courts and the Court denies Petitioner's request for an evidentiary hearing. *Id.* at 1398.

3

Accordingly, for the reasons stated, the Court DENIES Petitioner's "Amended Motion for Appointment of Independent Pathologists" [dkt. # 26]; "Amended Motion for Appointment of Counsel" [dkt. #27]; "Motion for Leave to Conduct Discovery" [dkt. # 28]; "Supplemental Motion for Leave to Conduct Discovery" [dkt. # 31]; and "Amended Rule 8 Motion for Evidentiary Hearing" [dkt. # 25].

IT IS SO ORDERED.

                        s/Lawrence P. Zatkoff
                        LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT JUDGE

Dated: August 14, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 14, 2012.

                        s/Marie E. Verlinde
                        Case Manager
                        (810) 984-3290