UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILLIAMS,

        Petitioner,               Case Number: 2:08-CV-10772

v.                                      HON. LAWRENCE P. ZATKOFF

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Anthony J. Williams has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, challenges his conviction for first-degree felony murder. Petitioner raises eight claims for habeas relief. Respondent argues that the petition is untimely and, in the alternative, that the claims are meritless and/or procedurally barred.

**I.**    **Background**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree murder. On July 11, 2000, he was sentenced to life imprisonment. Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Williams*, No. 231903, 2002 WL 1482593 (Mich. Ct. App. July 9, 2002).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Williams*, 468 Mich. 858 (Mich. Feb. 28, 2003). Petitioner filed a motion for reconsideration, which was also denied. *People v. Williams*, 468 Mich. 858 (May 30, 2003).

On November 6, 2003, Petitioner filed a motion for relief from judgment in the trial court. On February 2, 2005, the trial court dismissed the motion without prejudice and granted Petitioner's motion for counsel so that appointed counsel could "re-file the same motion, file a substitute motion, or an amended motion, in his discretion." *People v. Williams*, No. 99-008744-03 (Wayne County Circuit Court Feb. 2, 2005). On October 31, 2006, appointed counsel filed a "Summary of Proceedings and Arguments." On June 14, 2007, the trial court entered an order dismissing the motion for relief from judgment so that Petitioner's attorney could file a motion for relief from judgment in compliance with Mich. Ct. Rule 6.500. *People v. Williams,* No. 99-008744-03 (Wayne County Cir. Ct. June 14, 2007).

On February 20, 2008, Petitioner filed a habeas corpus petition. Petitioner moved for a stay so that he could return to state court to raise unexhausted claims. The Court granted a stay on March 6, 2008. Petitioner filed motion for relief from judgment in the trial court on March 2, 2008. The trial court denied the motion on January 21, 2009. *People v. Williams*, No. 99-008744-03 (Wayne County Cir. Ct. Jan. 21, 2009). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Williams*, No. 292177 (Mich. Ct. App. Sept. 23, 2009). The Michigan Supreme Court also denied Petitioner's application for leave to appeal. *People v. Williams*, 486 Mich. 900 (Mich. Apr. 27, 2010).

Petitioner then filed a motion to lift the stay in these habeas proceedings. The Court granted the motion and ordered Respondent to file an answer to Petitioner's amended petition.

## II.     Statute of Limitations

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the

2

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the limitation, does not re-fresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on May 30, 2003. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on August 28, 2003, when the time for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations begins when the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expires). The last day on which a petitioner can petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitation period applicable to a habeas corpus petition. *Id.* at 285. Accordingly, the limitation period commenced on August 29, 2003 and continued to run until Petitioner filed a motion for relief from judgment on November 6, 2003. That motion, a properly filed motion for state-court collateral review, tolled the limitation period with 295 days remaining. *See* 28 U.S.C. § 2244(d)(2). The limitations period resumed running on February 2, 2005, the day

3

after the trial court dismissed the motion without prejudice. It continued to run until October 31, 2006, when Petitioner, through counsel, filed a "Summary of Proceedings and Arguments" in the trial court. That motion tolled the limitations period with only twenty-four days remaining. The limitations period remained tolled until June 14, 2007, when the trial court dismissed the motion without prejudice. The limitations period resumed on June 15, 2007, and continued to run until it expired twenty-four days later.

Petitioner filed the pending petition on February 20, 2008. The Court granted Petitioner's simultaneous motion to stay without making any determination regarding the timeliness of the petition. The petition was filed approximately eight months after the limitations period expired. Petitioner argues for statutory and equitable tolling of the limitations period for the time between the dismissal without prejudice of his first motion for relief from judgment (February 2, 2005) and the filing of his second motion for relief from judgment (October 31, 2006), because his application for collateral review remained "pending" in the state court during that interval. In support of his argument, Petitioner cites the United States Supreme Court's decision in *Carey v. Safford*, 536 U.S. 214 (2003). In *Carey*, the Supreme Court held that the statute of limitations remained tolled during the time period between a lower court's denial of a post-conviction motion and an appeal to the next appellate level. *Id.* at 219–21. The Supreme Court specifically held that the word "pending" in the AEDPA tolling provision, § 2244(d)(2), means "that an application is pending as long as the ordinary state collateral review process is 'in continuance' – *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction review procedures, by definition it remains 'pending.'" *Id.*

Petitioner's first motion for relief from judgment was dismissed without prejudice on

February 2, 2005. Petitioner did not seek leave to appeal that dismissal. If he had, under *Carey*, the limitations period would have been statutorily tolled for the time between the dismissal and the filing of an application for leave to appeal in the Michigan Court of Appeals. Because Petitioner did not seek leave to appeal, his first motion for relief from judgment achieved final resolution when it was dismissed without prejudice by the trial court. Upon the dismissal of the motion, Petitioner had no application for collateral review pending in state court and the limitations period, absent equitable tolling, resumed running.

Petitioner also argues for equitable tolling of the limitations period for the twenty-month period between the dismissal of his first motion and the filing of the second motion. Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), *quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The one-year limitations period applicable to § 2254 is "subject to equitable tolling in appropriate cases." *See Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 594 U.S. 327, 336 (2007), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784.

Petitioner argues that equitable tolling is warranted because he diligently pursued his rights

5

and his attorney needed to await preparation of a transcript to file a second motion for relief from judgment. The record shows, however, that Petitioner was not diligent in pursuing his rights. Approximately twenty months elapsed between the filing of his first and second motions for relief from judgment. After the dismissal of his second motion for relief from judgment, Petitioner waited an additional eight months to file a habeas petition. These time gaps of twenty months and eight months do not evidence the diligence required for equitable tolling. Moreover, "the unavailability of or delay in receiving transcripts is not enough to entitle a petitioner to equitable tolling." *Hall v. Warden*, *Lebanon Correctional Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011). Therefore, the Court finds the petition is untimely.

### III.     Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

**IV.     Conclusion**

The petitioner failed to file his habeas petition within the applicable one-year limitations period and equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that the petitioner for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

DATED: February 14, 2013