**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY WILLIAMS,

                    Petitioner,                  Case Number: 2:08-CV-10772

v.                                     HON. LAWRENCE P. ZATKOFF

CAROL HOWES,

                    Respondent.

_____/

**ORDER (1) DENYING PETITIONER'S MOTION TO ALTER ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS AND**
**DENYING CERTIFICATE OF APPEALABILITY, AND (2) DENYING**
**APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      This matter is presently before the Court on Petitioner Anthony Williams' Motion to Alter

Order Denying Petition for Writ of Habeas Corpus and Denying Certificate of Appealability and

Application to Proceed In Forma Pauperis on Appeal.  In his motion to alter, Petitioner argues that

the Court should not have denied his petition as untimely because he was entitled to equitable tolling

and should have granted a certificate of appealability.

      The disposition of a motion filed under Rule 59(e) is "entrusted to the court's sound

discretion."  *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D.

Mich. 1996), citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  Generally,

a court may grant a Rule 59(e) motion in one of four situations: (1) to correct a clear error of law;

(2) to account for newly discovered evidence; (3) to accommodate an intervening change in

controlling law; or (4) to prevent manifest injustice.  *Intera Corp. v. Henderson*, 428 F.3d 605, 620

(6th Cir. 2005).  However, a motion filed under 59(e) "'may not be used to relitigate old matters,

or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 pp. 127-128 (2d ed. 1995). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

The Court considered and denied Petitioner's argument for equitable tolling when the Court denied the petition. Petitioner fails to demonstrate that this decision was a clear error of law, that newly-discovered evidence or an intervening change in the law warrants reconsideration, or that reconsideration is necessary to prevent a manifest injustice. Further, Petitioner's argument that the Court should reconsider its decision denying a motion for appealability is unpersuasive because it simply rehashed arguments already considered and rejected by the Court.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). The Court finds that a reasonable person would not suppose that the appeal has some merit.

Accordingly, IT IS ORDERED that Petitioner's "Motion to Alter Order Denying Petition for Writ of Habeas Corpus and Denying Certificate of Appealability" and Petitioner's Application

2

to Proceed In Forma Pauperis on Appeal are DENIED.

     IT IS SO ORDERED.


                S/Lawrence P. Zatkoff
                LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE
DATED: May 20, 2013