UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
FEB 23 2016
CLERK'S OFFICE
U.S. DISTRICT COURT

ANTHONY WILLIAMS
                Petitioner,

                                  Case No. 2:08-10772
v.                                 HONORABLE LAWERENCE P. ZATKOFF

CAROL HOWES
                Respondent/
_____/

MOTION TO SUPPLEMENT RULE 60(b) MOTION

    Petitioner-Movant, Anthony Williams, in pro-se, moves this Honorable Court to consider supplemental authority in considering the merits of his previously-filed Rule 60(b) Motion to Reopen Habeas Proceedings, pursuant to the Federal Rules of Civil Procedure, and the following:

    On or about December 16, 2015, Mr. Williams filed a Rule 60(b) motion with this Court attempting to re-open habeas proceedings. In the motion, Mr. Williams asserted he was entitled to tolling of the statute of limitations for the time he could have appealed the trial court's order, where he ultimately did appeal that order. Mr. Williams now presents to this Court a recent published decision that buttresses his argument.

    In Scarber v Palmer, 808 F.3d 1093 (6th Cir. 2015), the Sixth Circuit just recently addressed an argument raised by the petitioner who argued he was entitled to tolling for the two three-week periods he could have filed motions for reconsideration of adverse Michigan Supreme Court orders. Id. The Court held the petitioner was not entitled to tolling where he failed to file any motions for reconsideration. ("...the AEDPA limitation period does not stop running for a petitioner who had the opportunity to, but did not, file a motion for

reconsideration.") This reasoning was in the same vein as Taylor v Palmer, 2015 U.S. App. Lexis 14580 (6th Cir. August 14, 2015), which Mr. Williams relied upon in his 60(b) motion. Scarber, however, provides specific and authoritative language that supports Williams' assertion. Particularly, the Court stated:

> Section § 2244(d)(2) burdens the petitioner with the responsibility of preserving a "pending" status of review by appealing (or, as was the case here, moving for reconsideration of) an otherwise final state-court order. Id.

This holding is essential to Williams' 60(b) argument, in that, after the trial court dismissed his motion for relief (a dismissal this Court deemed a final order), Williams subsequent October 31, 2016 motion qualifies as a "properly filed application for... review" under this reasoning. This subsequent review in the trial court, much like the opportunity for reconsideration in Scarber, preserved the "status" of the post-conviction proceedings, where there is no indication that the subsequent motion (application, summary, etc.) was not "properly-filed" and was ultimately addressed by the trial court as such an application. It's also important to note, this was a process dictated by the trial court, and at no point was Williams' filings considered untimely. see e.g., Evans v Chavis, 546 U.S. 189, 191 (2006)(a claim is "pending" during the time between an adverse lower-court determination and "the prisoner's filing of a notice of appeal," but only if "the filing of the appeal is timely.")

For these reasons, Mr. Williams moves this Honorable Court to allow him to supplement his Rule 60(b) Motion with newly published authority.

Respectfully submitted,

Dated: February 14, 2016.

Anthony Williams #316227
Petitioner in Pro-se
Cotton Corr. Facility
3510 N. Elm Street
Jackson, MI 49201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILLIAMS

          Petitioner,

v.

          Case No. 2:08-10772
          HONORABLE LAWERENCE P. ZATKOFF

CAROL HOWES

          Respondent/



FILED
FEB 23 2016
CLERK'S OFFICE
U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE

I, Anthony Williams, states upon this Honorable Court that on February 16, 2016, I placed in the hands of an Institutional Counselor here at Cotton Correctional, an Expedited Legal Mail Disbursement accompanied with an envelope containing one copy of the Motion to Supplement Rule 60(b) Motion, addressed to the following:

Bruce Edwards
Michigan Attorney General's Office
P.O. Box 30217
Lansing, MI 48909

          Sincerely,

Dated: February 16, 2016.

          _____
          Anthony Williams

Anthony Williams # 316227
Cotton Correctional Facility
3510 N. Elm St.
Jackson, MI 48201-9877

METROPLEX MI 480
17 FEB 2016 PM 5

48226279426

Clerk of the Court
U.S. District Court
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226