**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY WILLIAMS,

Petitioner,

Case Number: 2:08-CV-10772
HON. SEAN F. COX

v.

CAROL HOWES,

Respondent.
_________________________________/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO SUPPLEMENT RULE 60(b) MOTION AND DENYING RULE 60(b) MOTION TO REOPEN HABEAS PROCEEDINGS**

Petitioner Anthony J. Williams filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree felony murder. Respondent sought denial of the petition because it was not timely filed. (ECF No. 21) On February 14, 2013, the Court issued an Opinion and Order denying the petition on the ground that it was not filed within the applicable one-year statute of limitations.[1] (ECF No. 37) The Court also denied a certificate of appealability. Petitioner sought and was denied a certificate of appealability from the Sixth Circuit Court of Appeals. (ECF No. 47) Petitioner then filed a Rule 60(b) Motion to Reopen Habeas Proceedings (ECF No. 48), which the Court denied. (ECF No. 49) Petitioner again sought and was denied a certificate of appealability from the Sixth Circuit Court of Appeals. (ECF No. 55) Now

---

[1] This case was originally assigned to the Honorable Lawrence P. Zatkoff. It was reassigned to the undersigned District Judge following Judge Zatkoff's death.

before the Court is Petitioner's second Rule 60(b) Motion to Reopen Habeas Proceedings (ECF No. 56) and Motion to Supplement Rule 60(b) Motion (ECF No. 57).

Petitioner's Motion to Supplement seeks to supplement the pending Rule 60(b) Motion with additional arguments and case law. The Court grants the motion.

Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Under that Rule, a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). The party seeking to invoke Rule 60(b) bears the burden of establishing that relief is warranted. *Jinks v. AlliedSignal*, Inc., 250 F.3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Tyson v. Stapleton*, 101 F. App'x 624, 625 (6th Cir. 2004). A movant under Rule 60(b) similarly fails to demonstrate entitlement to relief when he "merely rephrases the allegations contained in the complaint and presents no new arguments." *Johnson v. Unknown*

*Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).

Petitioner's present Rule 60(b) motion again challenges the Court's finding that the petition for a writ of habeas corpus was not timely filed. He argues that the Court incorrectly held that the one-year limitations period ran from February 2, 2005 until October 31, 2006. However, the Sixth Circuit Court of Appeals found that this Court correctly held that the limitations period was not tolled during this period. *See* ECF No. 55. Petitioner merely reiterates his disagreements with the Court's calculation of the limitations period. These arguments already were denied by this Court and the Sixth Circuit Court of Appeals. Petitioner fails to establish any grounds for relief under Fed. R. Civ. P. 60(b).

Accordingly, IT IS ORDERED that Petitioner's Motion to Supplement Rule 60(b) Motion (ECF No. 57) is GRANTED and Petitioner's Rule 60(b) Motion to Reopen Habeas Proceedings (ECF No. 56) is DENIED.

Dated: October 27, 2016

S/ Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on October 27, 2016, the foregoing document was served on counsel

of record via electronic means and upon Anthony Williams via First Class mail at the address below:

Anthony Williams
316227
G. ROBERT COTTON CORRECTIONAL FACILITY
3500 N. ELM ROAD
JACKSON, MI 49201

S/ J. McCoy
Case Manager