# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY WILLIAMS,

        Petitioner,        Case Number: 2:08-10772
                                        HONORABLE SEAN F. COX

v.

CAROLE HOWES,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S
## MOTION TO REHEAR ORDER DENYING RELIEF

On February 14, 2013, the Court denied Petitioner Anthony J. Williams' habeas corpus petition finding it was barred by the one-year statute of limitations. (ECF No. 37). On August 12, 2014, Petitioner filed a Rule 60(b) Motion to Reopen Habeas Proceedings (ECF No. 48), which the Court denied. (ECF No. 49). Petitioner filed a second Rule 60(b) Motion to Reopen Habeas Proceedings (ECF No. 56), which the Court also denied (ECF No. 59). Petitioner then filed a Motion to Alter Order Denying Rule 60(b) Motion to Reopen Habeas Proceedings (ECF No. 60), which the Court denied on August 23, 2017. (ECF No. 61) Now before the Court is Petitioner's Rule 60(b)(2) Motion to Rehear Order Denying Relief. (ECF No. 67).

Under Fed. R. Civ. P. 60(b)(2), the Court may relieve a party or its legal representative from a final judgment, order, or proceeding on the grounds of newly discovered evidence that, with reasonable diligence could not have been discovered in

time to move for a new trial under Rule 59(b). To prevail on a Rule 60(b)(2) motion, the movant must demonstrate that: 1) he exercised due diligence in obtaining the information; and 2) the evidence is material and clearly would have produced a different result if presented before the original judgment. *McFall v. Patton*, 238 F.3d 422 (6th Cir. 2000) (citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)). A motion under Rule 60(b)(2) must be made within a reasonable time no more than a year after the entry of judgment or order or the date of the proceeding. Fed. R. Civ. P 60(c)(1).

Petitioner's motion is timely, but he does not present any new evidence justifying relief under Rule 60(b)(2). Petitioner claims to have new evidence to support his argument that his petition was timely filed. The evidence, however, is not new. Petitioner previously advanced the argument that his petition should have been considered timely because the trial court's dismissal of his post-conviction motion without prejudice at the same time the trial court appointed counsel impeded his ability to file a timely habeas petition. He also argued that he was not alone in his predicament and cited several other unrelated state court criminal cases which he claimed resulted in similarly unfair results. Now, Petitioner provides the docket sheets for the previously referenced state court cases involving criminal proceedings unrelated to his own. This claimed "new evidence" would not have produced a different result if presented before the challenged judgment. The petition was not timely filed and the filing of docket sheets for unrelated state court criminal proceedings does not change that conclusion.

Accordingly, the Court DENIES Petitioner's "Rule 60(b)(2) Motion to Rehear

Order Denying Relief" (ECF No. 67).

    SO ORDERED.

Dated: March 12, 2019                        s/Sean F. Cox
                                                    Sean F. Cox
                                                    U. S. District Judge

I hereby certify that on March 12, 2019, the foregoing document was served on counsel of record via electronic means and upon Anthony Williams via First Class mail at the address below:

ANTHONY WILLIAMS
316227
G. ROBERT COTTON CORRECTIONAL FACILITY
3500 N. ELM ROAD
JACKSON, MI 49201

                                                                           s/J. McCoy
                                                                           Case Manager