**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY WILLIAMS,

                Petitioner,            Case Number: 2:08-CV-10772
                                          HONORABLE SEAN F. COX

v.

CAROL HOWES,

                Respondent.
                                    /

## ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE
## OF APPEALABILITY AND MOTION TO PROCEED *IN FORMA PAUPERIS*

Petitioner Anthony Williams filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree felony murder. The Court denied the petition because it was not timely filed and denied a certificate of appealability. (ECF No. 37) The Sixth Circuit Court of Appeals also denied a certificate of appealability. (ECF No. 47) This Court denied Petitioner's two subsequent Rule 60(b) Motions to Reopen Habeas Proceedings and Petitioner's Motion to Alter Order Denying Rule 60(b) Motion. (ECF Nos. 49, 59, 61) Most recently, the Court denied Petitioner's Rule 60(b)(2) Motion to Rehear Order Denying Relief. (ECF No. 68) Now before the Court are Petitioner's Motion for Certificate of Appealability and Motion to Proceed *In Forma Pauperis*. (ECF Nos. 71, 72).

Before Petitioner may appeal the Court's decision denying his Rule 60(b)(2) Motion to Rehear Order Denying Relief, a certificate of appealability (COA) must issue.

28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007) (requiring a certificate of appealability as a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 483. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" *Id.* at 338, *quoting Barefoot*, 463 U.S. at 893.

In his Rule 60(b)(2) Motion to Rehear Order Denying Relief, Petitioner argued that new evidence established that the Court erred in dismissing the petition on the ground that it was not timely filed. The Court found the new evidence offered by Petitioner was not "new evidence" and, even if it was properly considered new evidence, the evidence would not have produced a different result if presented before the challenged judgment. Petitioner fails to show that reasonable jurists would find its decision denying the motion to be debatable or wrong. *See Slack*, 529 U.S. at 484.

Accordingly, the Court DENIES Petitioner's Motion for Certificate of Appealability. (ECF No. 72) The Court finds an appeal in this case would be frivolous

2

and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, the Court DENIES Petitioner's Motion to Proceed *In Forma Pauperis.* (ECF No. 71).

                                              s/Sean F. Cox
                                              SEAN F. COX
                                              UNITED STATES DISTRICT JUDGE

DATE: 7/8/2019